# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Chris Palmer,

    Plaintiff/Movant,

Delanore, Kemper & Associates, LLC; and
DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, Chris Palmer, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    Plaintiff, Chris Palmer ("Plaintiff"), is an adult individual residing in Colorado Springs, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Delanore, Kemper & Associates, LLC ("Delanore"), is a Georgia business entity with an address of 2221 Peachtree Road, #473, Suite D, Atlanta, Georgia 30309, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Delanore and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Delanore at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Delanore for collection, or Delanore was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Delanore Engages in Harassment and Abusive Tactics

### FACTS

12. On or about December 15, 2010, Defendants called Plaintiff about the Debt. Defendants did not identify themselves as a collection agency or that they were attempting to

collect a debt.

13. On or about December 15, 2010, Plaintiff made arrangements to make monthly payments towards the Debt with Defendants, in particular, Mr. Michael Strange. The agreement provided for a good faith payment of $100.00 on December 17, 2010 to be automatically taken from Plaintiff's bank account, and then monthly payments of $50.00 to begin on January 10, 2011.

14. Plaintiff asked from where the debt had arisen. Defendants never sent Plaintiff a "30-Day Validation Notice" and Plaintiff had no idea when the debt was incurred or that he had a right to dispute the debt.

15. Despite receiving no validation in regard to the debt, Plaintiff has made payments towards the debt.

16. On or about January 6, 2011, Defendants, in particular, Mr. Robert Rivera placed a call to Plaintiff stating that Defendants had no record of Plaintiff's initial payment arrangements and that Plaintiff needed to make new arrangements with him. Defendants, once again, did not identify the call as an attempt to collect a debt.

17. Mr. Robert Rivera used incredibly rude and abusive language when speaking with Plaintiff regarding payment arrangements and called Plaintiff a "fucking retard" and an "idiot."

18. Plaintiff was unable to speak with Mr. Robert Rivera because Mr. Rivera would constantly yell and curse whenever Plaintiff spoke.

19. On or about January 7, 2011, Defendants, in particular, Mr. Anthony Roman called Plaintiff and stated that he had listened to recordings of Plaintiff's conversation with Robert Rivera, and apologized profusely for Robert Rivera's behavior. Mr. Anthony Roman stated that Robert Rivera had been fired.

20. Mr. Anthony Roman then told Plaintiff that there was no payment arrangement between Plaintiff and Defendants. Defendants then told Plaintiff to pay $381.00 on the phone, today the balance could be set up on a payment plan. Plaintiff agreed and made a $381.00 payment on the phone.

21. On or about January 10, 2011, Defendants, in particular, Mr. Robert Rivera once again called Plaintiff in an attempt to collect the debt even though Plaintiff was told that Mr. Rivera would be let go and would not bother Plaintiff again. During that phone conversation, Plaintiff learned that $50.00 had been taken out of his account in accordance to the payment arrangement he entered into between himself and Defendants on December 15, 2010.

22. Plaintiff asked why the $50.00 had been taken out of his account when supposedly that payment arrangement was never found in Defendants' computer system. Defendants then told Plaintiff to "go to hell."

23. On or about February 10, 2011, Defendants took $50.00 from Plaintiff's bank account even though Plaintiff was informed in January that Defendant had made no payment agreement. Plaintiff did not expect Defendant to take $50.00 from his bank account in February.

C. **Plaintiff Suffered Actual Damages**

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants

failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

36.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT
## Colo. Rev. Stat. § 12-14-101, et seq.

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

40.     The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

41.     The Defendants engaged in a conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1).

42.     The Defendants used obscene or profane language or language the natural consequence of which was to abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1)(b).

43.     The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1).

44.     The Defendants falsely represented the character, amount, or legal status of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1)(b)(I).

45.     The Defendants used false representation or deceptive means to collect or attempt

to collect a debt or to obtain information concerning the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-107(1)(k).

46. The Defendants used unfair or unconscionable means to collect or attempted to collect a debt, in violation of Colo. Rev. Stat. § 12-14-108(1).

47. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the amount of the debt, in violation of Colo. Rev. Stat. § 12-14-109(1)(a).

48. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the name of the creditor to whom the debt was owed, in violation of Colo. Rev. Stat. § 12-14-109(1)(b).

49. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(c).

50. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that if the Plaintiff notified the Defendants in writing within the thirty-day period that the debt, or any portion thereof, was disputed, the Defendants would obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(d).

51. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that upon the Plaintiff's written request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of

the original creditor, if different from the current creditor, in violation of Colo. Rev. Stat. § 12-14-109(1)(e).

52. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

53. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 9, 2011

Respectfully submitted,

By __/s/ Dianne Zarlengo_____

Dianne Zarlengo, Esq.
Bar Number: 31385
2800 So. University Blvd., Ste. 66
Denver, Colorado 80210
(303) 748-3513
dzlegal@gmail.com
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666

Plaintiff:
Chris Palmer
105 Palmer Street
Colorado Springs, CO 80911

9